Tucker, P.
There is in the cause no exception to the admissibility of any of the evidence: its sufficiency *585 is all that is in question. It is competent testimony, and moreover it is unco'ntradicted testimony. Whether parol evidence of the existence of the execution, and that it came to the hands of Tanlcersley, could have been admitted if objected to, is not now to be brought into question. It has not been objected to, but has been admitted as proper testimony. That it establishes the fact, is beyond question : and that is the main fact in the case; for if, as is proved, the execution came to Tanlcersley's hands, he has been guilty of the default, unless he can prove the return of it, or payment of the money, or some other matter of excuse; and if he cannot, the fine was properly imposed. To this, however, the defendant in error does not pretend. No countervailing evidence is offered by him; so that the case stands thus—The witness proves that Tanlcersley had the execution; the defendant in error offers no proof that it was returned; and the record of the decree shews that the high sheriff was fined for the failure. The case is thus completely made out.
It was much argued at the bar, that the record of the proceeding against the sheriff was evidence of nothing but the fact that there was a judgment, and furnished no proof that the execution came to Tanlcersley's hands. The argument was unnecessary, as the fact in question is proved by the witness, without the necessity of resorting to the record for proof of it. So that if there be nothing to countervail the facts above stated, there can be no doubt of the justice of the plaintiff’s demand.
It is contended, however, that the statute of limitations would have protected the plaintiff’ in error, if he had properly defended himself, instead of suffering judgment to go by default. Non constat that this is so. If it were, it should have been relied on by the defendant in error on the trial; and peradventure the supposed bar might have been avoided. But if, upon the *586 motion against him, he bad established the bar of the statute; if he had proved that he never had the execution; if he had shewn that it had never issued, or that it was duly returned, or that the money was paid,—all would not have availed on Scott's motion against him, since it was his dutyto prove those facts on the creditor’s motion against Scott. For that was in fact his suit; it was for the default of bis testator, and he had notice from the sheriff to defend it, and promised that he would attend to it. What farther duty devolved on. Scott? What obligation rested on him to attend farther to a case of which he knew nothing, which was in fact the cause of the deputy sheriff, and which that deputy’s executor undertook to attend to ? Lulled into security by the defendant in error, can he be fairly charged with suffering judgment by default ? It was indeed by default; but it was the default of the defendant in error, who was bound to defend it and had promised to do so.
With these views, I think the judgment of the circuit court must be reversed. I regret that we cannot affirm that of the county court; but it is for too much, and is therefore also erroneous.